## Andrew Goyt, Plaintiff in Error, v. National Council, Knights and Ladies of Security, Defendant in Error.

### Gen. No. 20,381. (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed January 25. 1915.

### Statement of the Case.

Action by Andrew Goyt against the National Council, Knights and Ladies of Security, a corporation, on a benefit certificate issued by the defendant on the life of plaintiff's wife. The original certificate was issued December 19, 1900, and was at that time payable $700 to the husband and $300 to Elizabeth Spring, the mother of Mrs. Goyt. On August 27, 1908, the original certificate was returned to the defendant with a request from Mrs. Goyt to have the benefits all made payable to the plaintiff, thus leaving out the mother. Mrs. Goyt had been declared insane by the County Court on April 21, 1908, and this finding was in force when the certificate was changed. At the death of Mrs. Goyt the plaintiff claimed the entire proceeds of the certificate. Elizabeth Spring claimed the amount provided in the first certificate, on the ground that the insured was insane when the beneficiary was changed. The face value of the certificate at the time of the death of Mrs. Goyt was $960. Plaintiff would not accept as full settlement $672, being his proportion of the original certificate, and brought this suit for the whole amount.

The case had been tried twice. Upon the first trial the trial court directed a verdict for plaintiff, but this was held to be reversible error by the Branch Appellate Court, in 178 Ill. App. 377. Upon the first trial it was claimed by plaintiff that the issuance of the second certificate, changing the beneficiary, was a new

contract, and also that the defendant could not set up as a defense that Mrs. Goyt was insane. The Appellate Court held against plaintiff on both these propositions. The court also held that the evidence introduced by the defendant made at least a prima facie case that Mrs. Goyt was not sane at the time the change was made and that the burden of proof was thus shifted to the plaintiff to show that the change was made during a lucid interval. The law of the case being thus settled adversely to the contentions of plaintiff, the issue tried before the jury on the second trial was as to the sanity of Mrs. Goyt on August 27, 1908, at the time she directed defendant to issue the new certificate. The jury was of the opinion from consideration of the evidence before it that she was without sufficient mental understanding to transact business at this time, and a verdict adverse to plaintiff was returned upon which judgment was entered. To reverse the judgment, plaintiff prosecutes error.

CHARLES R. NAPIER and CHARLES S. McILVAINE, for plaintiff in error.

A. W. FULTON, for defendant in error.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

INSANE PERSONS, § 5*—*when finding as to sanity of member of benefit society sustained by evidence.* In an action on a benefit certificate issued by a benefit society on the life of plaintiff's wife, where the issue was whether plaintiff's wife was sane or insane when she requested a change of beneficiaries, a finding of the jury that she was insane, *held* sustained by the evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.